# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ARMSTRONG, an individual, LUISA ARMSTRONG, an individual, SAMSON CHEUNG, an individual, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02871-APG-CWG<br><br>**ORDER GRANTING MOTION TO POST COLLATERAL SECURITY**<br><br>(ECF No. 2) |

In June of 2007, Insurance Company of the West (ICW) issued performance bonds in connection with a development project the defendants began in Portland, Oregon. ECF No. 2-2. ICW issued those bonds in reliance on an Indemnity Agreement the defendants signed. ECF No. 2-1. Eventually, the project stalled and in 2013 the City of Portland sent ICW a notice of a potential claim on the bonds. On July 18, 2013, ICW forwarded that notice to the defendants and demanded they indemnify ICW for any claims on the project. ECF No. 2-3. ICW warned it might demand that the defendants deposit collateral with ICW to protect against any losses, as permitted under the Indemnity Agreement. *Id.* The defendants did not respond to the letter and ICW did nothing further at the time.

Over the past few years, the defendants have had problems paying the premiums on the performance bonds, causing ICW to file this lawsuit. ICW now moves for an order requiring the defendants to post collateral security in the amount of $82,000 under the Indemnity Agreement. ECF No. 2. That agreement requires the defendants:

> To pay [ICW] upon demand: (a) all losses and expenses, including attorneys' fees . . . for which [ICW] shall become liable by reason of such bond, whether or not [ICW] shall have paid such loss and expense at the time of demand and in the event [ICW] is required or deems it necessary to reserve from its assets an amount to cover any claim or claims, contingent or otherwise, under any such bond by reason of default of the [defendants], or by reason of claims filed or any dispute

> with the Obligee under such bond, or for any reason whatsoever, a deposit with [ICW], in current funds and immediately upon demand, an amount sufficient to cover such reserve and such additional amounts as may be deemed necessary to cover any increases herein, to be held as additional collateral security. (b) The annual premium for such bond until satisfactory evidence of termination of liability shall be furnished to [ICW].

ECF No. 2-1. Despite demand from ICW, the defendants have not deposited the requested collateral security.

"Sureties are ordinarily entitled to specific performance of collateral security clauses. 'If a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced.'" *Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984) (quoting *Marine Midland Trust Co. v. Alleghany Corp.*, 28 F. Supp. 680, 683–84 (S.D.N.Y. 1939)).

It is unclear why ICW waited over four years to bring this action to enforce its right to collateral. But ICW has performed its obligations under the Indemnity Agreement and is entitled to enforce its contractual rights. The project remains uncompleted and ICW remains liable under the bonds. Given the defendants' recent failure to timely pay the yearly premiums, ICW has a reasonable fear that the defendants will not protect the bonds against claims by the City of Portland nor perform their obligations to ICW under the Indemnity Agreement. ICW is entitled to the security it bargained for by specific performance of the collateral security deposit requirement.

IT IS THEREFORE ORDERED that ICW's motion **(ECF No. 2) is GRANTED**. The defendants are ordered to deposit with ICW $82,000 by May 7, 2018. ICW shall hold those funds as collateral security under the Indemnity Agreement pending further order of this court.

DATED this 6th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE